NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIXIN FA,

             Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 23-44

Agency No.
A089-978-076

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2024**
Pasadena, California

Before: SILER ***, GOULD, and BEA, Circuit Judges.

Petitioner Xixin Fa, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order, which dismissed his appeal of an

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Immigration Judge's ("IJ") decision that denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. When, as here, the BIA adopts and affirms the IJ's order pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the IJ's decision as if it were the BIA's. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We "review adverse credibility determinations under the substantial evidence standard," *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), based on the "totality of the circumstances and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We deny the petition.

1.     Substantial evidence supports the agency's adverse credibility determination. Under the REAL ID Act, an IJ may "base an adverse credibility determination on any relevant factor that . . . can reasonably be said to have a 'bearing on a petitioner's veracity,'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha*, 590 F.3d at 1044), including any "inconsistencies between the petitioner's statements and other evidence of record," *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Although an IJ cannot rely on "an utterly trivial inconsistency, such as a typographical error," inconsistencies need not

2

"'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha*, 590 F.3d at 1043 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, the IJ relied on two inconsistencies between Fa's statements and other evidence of record to support the adverse credibility determination. First, Fa declared that his manager refused to let him return to work because the police had "called us and notified us of your arrest." But Fa then testified that his manager did not tell him why he was dismissed from work, and that he did not know whether his employer knew that he had been arrested. When given the opportunity to explain the inconsistency, Fa testified that he could not remember the exact words the manager used. The IJ rejected Fa's explanation because she expected that a person in Fa's position "would recall, at a minimum, whether his manager mentioned his arrest as a motivation for not allowing him to stay at work." The IJ also reasoned that Fa's explanation was suspect because his declaration had included a direct quote from his manager.

The IJ's reasoning for rejecting Fa's explanation was sufficient under the substantial evidence standard. Although Fa's failure to remember "may very well have been an honest answer, . . . it was hardly an explanation for the inconsistency." *See Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021). For this reason, we have held that an IJ may reject an alien's explanation for an inconsistency when he states that he does "not remember" the events underlying the inconsistency. *See id.*

3

Second, Fa testified and declared that he stopped working at Huadi, his employer in China, on March 12, 2008, the day after he claims he was released from police custody. But he also submitted (1) a letter from Huadi, which stated that he stopped working at Huadi in February 2008, and (2) a household registration document, which stated that Fa still worked at Huadi as of May 2009. When given the opportunity to explain the inconsistency, Fa testified that Huadi did not list his work in March 2008 because the company did not issue him a salary in March. Fa also testified that the household register listed him as employed in May 2009 because Huadi had "probably" never officially fired him. The IJ reasoned that she could not reconcile Fa's account that Huadi had stopped paying him with his suggestion that Huadi never officially fired him, and noted that Fa's explanation discredited the reliability of his own evidence. The IJ concluded that this discrepancy "puts into question the veracity of [Fa's] claim that he was arrested for two days . . . and consequently had to miss two days of work."

Again, the IJ's explanation was sufficient under the substantial evidence standard. Even if Fa's explanation is plausible, "the IJ and Board were not compelled to accept [his] explanation for the discrepancy." *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021); *see id.* ("Particularly because Li was assisted by counsel, the Board and IJ were not required to accept Li's explanation for the discrepancy, and the record does not compel a contrary conclusion."); *Dong v. Garland*, 50 F.4th

1291, 1301 (9th Cir. 2022) ("[P]lausible explanations do not always compel credence."). Moreover, as the IJ correctly explained, a petitioner "cannot dispel an inconsistency between his testimony and the evidence of record by attempting to discredit the reliability of his own evidence after the fact." *Manes*, 875 F.3d at 1264.

Considering the "totality of the circumstances," these inconsistencies constitute substantial evidence that support the IJ's adverse credibility determination. *See Alam*, 11 F.4th at 1135 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The inconsistencies were not "utterly trivial . . . such as a typographical error." *See Shrestha*, 590 F.3d at 1043. Both inconsistencies relate to the timeline and circumstances surrounding Fa's claim that he was arrested and lost his employment due to his religion. Such nontrivial inconsistencies suffice to support the IJ's adverse credibility determination. *See, e.g.*, *Li*, 13 F.4th at 960–61 (holding two inconsistencies regarding a petitioner's arrest record and employment history, which did not go to the heart of the claim, were "sufficient to support the adverse credibility determination"); *see id.* at 959 ("[W]e need not consider whether an inconsistency identified by the IJ or Board is central."); *Shrestha*, 590 F.3d at 1044 (noting the "legitimate impact that even minor inconsistencies may have on credibility"). The IJ also gave Fa the opportunity to explain the inconsistencies, considered Fa's explanations, and provided specific and cogent reasons for her adverse credibility determination, as she was required to do. *See Shrestha*, 590 F.3d at 1042–45.

2. Substantial evidence supports the agency's determination that, in the absence of credible testimony, Fa did not demonstrate eligibility for asylum. An alien can establish that he is entitled to asylum if he shows that he suffered from past persecution or has a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b).

Fa submitted an unsworn letter from his father, which stated that the police in China were looking for him. The agency found the letter insufficient to meet Fa's burden to establish past persecution. The record does not compel a contrary conclusion. Indeed, in his brief in this Court, Fa does not meaningfully argue that he has established past persecution if the agency's adverse credibility finding is upheld.

The IJ also considered evidence that Fa is a practicing Christian, as well as a 2015 United States Department of State Religious Freedom Report for China, but found this evidence insufficient to establish that Fa had an objectively reasonable fear of future persecution in China. The BIA declined to address this issue because Fa did not argue in his appellate brief that he had established a well-founded fear of future persecution. Fa therefore failed to exhaust the issue before the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (explaining that exhaustion requires a petitioner to put the BIA on sufficient "notice so that it 'had an opportunity to pass on this issue'" (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam))). Exhaustion, as required by 8 U.S.C. § 1252(d)(1), is a non-jurisdictional "claim-processing rule." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–19 (2023).

6

We will deny a portion of a petition for failure to exhaust an issue below if the opposing party properly raises it. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). The government raised Fa's failure to exhaust here. We therefore deny this portion of Fa's petition.

3.     To qualify for withholding of removal, an applicant must satisfy a more demanding standard than that required to establish eligibility for asylum. Because Fa has failed to demonstrate that he is eligible for asylum, "he necessarily fails to satisfy the more stringent standard for withholding of removal." *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

4.     Substantial evidence supports the agency's finding that Fa has not established eligibility for CAT protection. Fa's CAT claim is premised on the same testimony that the agency deemed not credible. Because the agency's adverse credibility determination is supported by substantial evidence, the agency's decision that Fa has not established eligibility for protection under CAT is supported by substantial evidence. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) ("[W]hen a petitioner's claims under the CAT are based on the same statements that the BIA determined to be not credible in the asylum context, the agency may rely upon the same credibility determination in denying both the asylum and CAT claims." (cleaned up)), *overruled on other grounds by Alam*, 11 F.4th at 1136–37.

**PETITION DENIED.**